IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRITTANY MCDANIELS, Individually and as the surviving daughter of TARUS JOHNSON and on behalf of the ESTATE OF TARUS JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>DONOVAN DEWAYNE ROSS and WERNER ENTERPRISES, INC.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § | CAUSE NUMBER: 2:16-CV-194<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff Brittany McDaniels, Individually, and as the surviving daughter of Tarus Johnson and on behalf of the Estate of Tarus Johnson, complaining of Defendants Donovan DeWayne Ross ("Ross") and Werner Enterprises, Inc. ("Werner") and for causes of action would respectfully show the Court as follows:

    A.    **NATURE AND PURPOSE OF THE ACTION**

1. On or about March 12, 2016, Tarus Johnson ("Tarus" or "Plaintiff") was traveling northeast on US 54 in a 2016 Freightliner Cascadia 125 (the "Freightliner") owned by Werner and operated by Ross. Upon information and belief, Ross fell asleep at the wheel causing the Freightliner to veer off the roadway. Defendant Ross was awakened and attempted to steer the Freightliner back onto the roadway causing the Freightliner to roll over on the left side. Tarus was in the sleeper section of the tractor trailer during the crash.

2. As a result of this violent crash, Tarus sustained unwarranted and excruciating physical pain and mental anguish. Tarus perished at the site of the crash from the injuries.

3. For the Defendants' conduct, Plaintiff brings this action under TEX. CIV. PRAC. & REM. CODE §§71.002 and 71.021 and other common law provisions to recover damages for the wrongful death of Tarus.

### B.     JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 since the parties are citizens of different States.

5. Venue is appropriate in the United States District Court, Northern District of Texas, Amarillo Division, since Dallam County was the location of the events made the basis of this cause of action.

### C.     PARTIES

6. Plaintiff resides in Lake Wales, Polk County, Florida.

7. Defendant Donovan DeWayne Ross is an individual, upon information and belief, residing in the State of Georgia. Process may be served upon Ross at his residence located at 109 Miller St., Gordon, Georgia 31031or wherever he may be found.

8. Defendant Werner Enterprises, Inc. is a Nebraska company, upon information and belief, located at 14507 Frontier Road, Omaha, Nebraska, 68138. Process may be served upon the Defendant Werner Enterprises, Inc. by serving its registered agent for service of process John Vidaurri at 8601 Peterbilt Ave., Dallas, Texas 75241 or wherever he may be found. An additional copy is being served on James A. Mullen at 14507 Frontier Road, Omaha, Nebraska 68138 or wherever he may be found.

### D.     FACTS

9.     On or about March 12, 2016, Tarus Johnson was traveling northeast on US 54, Dallam County, TX, in a Freightliner owned by Werner and operated by Defendant Ross. Upon information and belief, Ross fell asleep at the wheel causing the Freightliner to drift off the roadway to the right side of the road.  As a result, Ross was awakened and attempted to steer the Freightliner onto the roadway, causing the Freightliner to roll over on the left side. Tarus was in the sleeper section of the Freightliner during the crash.

10.    Tarus suffered from conscious pain and suffering and ultimately a broken neck. Tarus was pronounced dead at the scene of the crash as a result of his injuries and was taken to Horizon Funeral Home in Dalhart, Texas.

11.    Defendant Ross was traveling unsafely when he fell asleep at the wheel, causing the death of Tarus.

12.    Tarus was forty two (42) years old when he died.  He was in good health, with a reasonable life expectancy of living at least 40 more years to age 82.  Tarus had a promising career that was ended with his tragic death.

13.    Defendants had ownership/possessory rights of the Freightliner driven by Defendant Ross at the time of the incident made the basis of this lawsuit. Defendant Ross knowingly, recklessly and negligently operated this vehicle, which caused the death of Tarus.

### E.     COUNT ONE: NEGLIGENCE

14.    Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in there entirety.

15. At the time of the incident, Defendants were operating the Freightliner negligently. Defendants had a duty to exercise ordinary care and operate the Freightliner reasonably and prudently.

16. Defendants violated the duty they owed to the decedent and Plaintiff on the occasion in question, including, but in no way limited to, the following ways:

    a.    In failing to property obey all traffic laws;

    b.    In failing to apply the brakes in a timely manner;

    c.    In failing to maintain the proper attention necessary to avoid the accident;

    d.    In failing to take the proper evasive action;

    e.    In failing to maintain the proper speed;

    f.    In failing to pull over to rest to avoid the incident;

    g.    Driving the Freightliner at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances;

    h.    Driving the Freightliner in a physical state that an ordinary and prudent person would have not done under the same or similar circumstances; and

    i.    In traveling at an excessive speed when physically unable to do so.

17. As a proximate result of Defendants' negligence, Tarus sustained severe fatal injuries, damages and property loss, which Plaintiff is entitled to recover, in excess of the minimum jurisdictional limits of this Court, including but not limited to:

    a.    Loss of love, affection, comfort, assistance, protection, affection and care;

    b.    Physical pain and suffering;

    c.    Mental anguish;

    d.    Funeral and burial expenses;

    e.    Medical expenses;

    f.    Loss of service;

      g.      Loss of earnings;

      h.      Exemplary damages;

      i.      Prejudgment interest; and

      j.      Post judgment interest.

### F.    COUNT TWO:  NEGLIGENT ENTRUSTMENT

18.    Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in there entirety.

19.    At the time of the incident, the owner of the Freightliner had entrusted it to Ross, who was an incompetent and/or reckless driver.  The owner of the Freightliner knew or should have known the driver was incompetent and/or reckless.  Ross was operating the vehicle negligently at the time of the collision and proximately caused the death of Tarus.

20.    As a proximate result of Defendant Werner's negligent entrustment, Tarus suffered fatal injuries, damages and property loss, which Plaintiff is entitled to recover, in excess of the minimum jurisdictional limits of this Court, including but not limited to:

      a.      Loss of love, affection, comfort, assistance, protection, affection and care;

      b.      Physical pain and suffering;

      c.      Mental anguish;

      d.      Funeral and burial expenses;

      e.      Medical expenses;

      f.      Loss of service;

      g.      Loss of earnings;

      h.      Exemplary damages;

      i.      Prejudgment interest; and

      j.      Post judgment interest.

## G.    COUNT THREE: WRONGFUL DEATH

21. Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in there entirety.

22. Plaintiff bring this wrongful death claim against Defendants pursuant to Texas Civil Practice & Remedies Code sections 71.001-71.012.

23. Plaintiff Brittany McDaniels is a statutory beneficiary of Tarus and relied on him for love, affection, comfort, assistance, protection, affection and care.

24. Defendants' wrongful acts caused the death Tarus.

25. As a proximate result of Defendants' negligence, which caused the untimely death of Tarus, Plaintiff is entitled to recover, in excess of the minimum jurisdictional limits of this Court, including but not limited to:

    a. Loss of love, affection, comfort, assistance, protection, affection and care;
    b. Physical pain and suffering;
    c. Mental anguish;
    d. Funeral and burial expenses;
    e. Medical expenses;
    f. Loss of service;
    g. Loss of earnings;
    h. Exemplary damages;
    i. Prejudgment interest; and
    j. Post judgment interest.

### H.     COUNT FOUR:  SURVIVAL ACTION

26.    Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in there entirety.

27.    Plaintiff brings this survival action claim against Defendants pursuant to Texas Civil Practice & Remedies Code sections 71.021-71.022:

28.     The decedent had a cause of action for personal injuries before he died.  Tarus would have been entitled to bring an action for his injuries had he lived.

29.    Defendants' wrongful acts caused the death of Tarus.

30.    As a proximate result of Defendants' conduct, which caused the untimely death of Tarus, Plaintiff is entitled to recover, in excess of the minimum jurisdictional limits of this Court, including but not limited to:

   a.    Loss of love, affection, comfort, assistance, protection, affection and care;
   b.    Physical pain and suffering;
   c.    Mental anguish;
   d.    Funeral and burial expenses;
   e.    Medical expenses;
   f.    Loss of service;
   g.    Loss of earnings;
   h.    Exemplary damages;
   i.    Prejudgment interest; and
   j.    Post judgment interest.

## I.     COUNT FIVE: VICARIOUS LIABILITY

31. Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

32. The Plaintiff and Tarus were injured as a result of a tort committed by Defendant Ross, an agent of Werner Enterprises, Inc.

33. Defendant Ross committed the tort while performing Defendant Werner Enterprises, Inc.'s nondelegable duties.

34. As a proximate result of Defendant Ross' negligence, and Defendants' negligent entrustment, Plaintiff suffered damages, which she is entitled to recover from Defendant Werner Enterprises, Inc., in excess of the minimum jurisdictional limits of this Court, including but not limited to:

   a. Loss of love, affection, comfort, assistance, protection, affection and care;
   b. Physical pain and suffering;
   c. Mental anguish;
   d. Funeral and burial expenses;
   e. Medical expenses;
   f. Loss of service;
   g. Loss of earnings;
   h. Exemplary damages;
   i. Prejudgment interest; and
   j. Post judgment interest.

## J.  DAMAGES

35. Defendants' acts were a proximate cause of the following injuries suffered by Plaintiff and decedent:

   a. Loss of affection, consortium, comfort, assistance, protection, affection and care;

   b. Physical pain and suffering;

   c. Mental anguish;

   d. Funeral and burial expenses;

   e. Medical expenses;

   f. Loss of service;

   g. Loss of earnings;

   h. Exemplary damages;

   i. Prejudgment interest; and

   j. Post judgment interest.

36. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## K.  EXEMPLARY DAMAGES

37. Plaintiff seeks exemplary damages for injuries caused by Defendants' gross negligence under Texas Civil Practice & Remedies Code section 41.003(a)(3), as defined by Section 41.001(11).  Plaintiff also seeks exemplary damages for the wrongful death of the decedent caused by Defendants' willful act or omission or gross neglect, as provided in Texas Constitution, article 16, section 26, and Texas Civil Practice & Remedies Code section 71.009.

## L.  CONDITIONS PRECEDENT

38. The Defendants have actual notice of the injuries complained of herein.  Any conditions precedent have occurred, been performed, or have been waived.

## M. DEMAND FOR JURY

39. Plaintiffs demand a jury trial.

## N. PRAYER

Wherefore, Premises Considered, Plaintiff prays that Defendants be cited to appear and answer herein and, upon final trial hereof, that Plaintiff has and recover from Defendants her actual damages, exemplary damages, pre and post-judgment interest, costs of court, and such other and further relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

By: /s/ Daryl K. Washington
Daryl K. Washington
State Bar No. 24013714
WASHINGTON LAW FIRM, PC
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
214-880-4883
214-751-6685 - fax
Email: dwashington@dwashlawfirm.com

**ATTORNEY FOR PLAINTIFF**